Jennifer M. Coughlin
Landye Bennett Blumstein LLP
701 West 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Phone: (907) 276-5152
Fax: (907) 276-8433
Email: jenniferc@lbblawyers.com
*Attorneys for Plaintiff Quvaq, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| QUVAQ, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| UNITED STATES OF AMERICA, THE | ) **COMPLAINT** |
| SMALL BUSINESS ADMINISTRATION, | ) |
| and KELLY LOEFFLER, in her official | ) |
| capacity as administrator of the United | ) |
| States Small Business Administration, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Quvaq, LLC alleges its complaint against Defendants United States of America, The Small Business Administration and Kelly Loeffler, in her official capacity as administrator of the United States Small Business Administration, as follows:

**INTRODUCTION AND PARTIES**

1.      Under Section 5003 of the American Rescue Plan Act ("ARPA"), enacted in March 2021, Congress created the Restaurant Revitalization Fund ("RRF"), to be administered by Defendants through the Small Business

COMPLAINT
*Quvaq LLC v. U.S.A. et al.,* Case No. _____                    Page 1 of 9
Case 3:26-cv-00232-SLG     Document 1     Filed 06/09/26     Page 1 of 9

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Administration ("SBA"). This fund provided relief for certain eligible entities impacted by the COVID-19 pandemic.

2. Quvaq, LLC ("Quvaq" or "Plaintiff") is an Alaska limited liability company, with its principal place of business in Dillingham, Alaska. Quvaq's sole member is Choggiung Investment Company LLC, whose sole member is Choggiung, Ltd. ("Choggiung"), which is a village corporation formed under the Alaska Native Claims Settlement Act. Choggiung has its principal place of business in Dillingham, Alaska.

3. Defendant United States of America, Small Business Administration ("the SBA") is an agency of the United States Government.

4. Defendant Kelly Loeffler ("Loeffler") is the Administrator of the SBA. Under Section 5003 of ARPA, Defendant Loeffler is responsible for administering the Restaurant Revitalization Fund. She is sued in her official capacity only.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this complaint under 28 U.S.C. §1331, 28 U.S.C. §2201, and 5 U.S.C. §702, because this case presents a substantial question of federal law regarding the interpretation of Section 5003 of ARPA, where Quvaq is seeking a declaration of its rights and a review of agency action.

6. This Court also has authority to issue a declaratory judgment and to order any other relief that is necessary and proper pursuant to 28 U.S.C. §§2201 and 2202.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

COMPLAINT
*Quvaq LLC v. U.S.A. et al.,* Case No. _____

7. A substantial part of the events giving rise to this claim occurred in this district and the Plaintiff resides in this district. Venue is therefore appropriate in this district under 28 U.S.C. § 1391(e)(1).

**STATEMENT OF CLAIM**

8. Quvaq owns and operates a business at 104 Main Street in Dillingham, Alaska under the name "Bristol Inn" which provides 20 rooms for overnight guests. The Bristol Inn also includes a restaurant on the premises that does business as the Bayside Diner. Both businesses are wholly owned by Quvaq, and "Bristol Inn" and "Bayside Diner" are the business names used to identify each of these business activities.

9. On or about May 6, 2021, Quvaq submitted an application for the Restaurant Revitalization Funding program, a true and copy of which is attached as Exhibit A ("the Application"). As set forth on the Application, when asked to check all descriptions of the applicant's business that applied, Quvaq identified its business as being both an "inn" and a "restaurant."

10. The Application form notes that an "Inn" must have "onsite sales of food and beverage to the public comprising at least 33% of gross receipts" in order to be eligible for the RRF program. In addition, additional documentation for "applicants that are an Inn" was required to demonstrate that the business met the 33% requirement. To demonstrate that it met this requirement, Quvaq provided a letter dated May 3, 2021 along with profit and loss statements showing that the restaurant portion of the business "has a total revenue of $300,216 and the lodging

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

COMPLAINT
*Quvaq LLC v. U.S.A. et al.,* Case No. _____ Page 3 of 9
Case 3:26-cv-00232-SLG    Document 1    Filed 06/09/26    Page 3 of 9

income of $479,398," (*i.e.* showing that 38% of its total revenue came from the restaurant). A true and correct copy of the May 3 letter is attached as Exhibit B.

11. The SBA reviewed Quvaq's application and supporting documents and granted Quvaq an award of $643,334 from the RRF.

12. On May 2, 2022, Quvaq filed a Post Award Report attesting to how its award had been spent, a true and correct copy of which is attached as Exhibit C.

13. Almost four years later, on or about April 22, 2026, Quvaq received a letter from the SBA, a true and correct copy of which is attached as Exhibit D ("Demand Letter"). As set out in the Demand Letter, the SBA states that it has determined that Quvaq was an "ineligible entity," because "**Hotels/Motels** are not eligible entities," and that hotels and motels "are not considered 'inns' for the purpose of the RRF program." While it did not deny that the Bayside Diner was a restaurant, it stated that a "restaurant within a hotel/motel must have a separate Tax Identification Number," and that because both the Bristol Inn and the Bayside Diner "share the same EIN, the entities cannot be separated for eligibility consideration." The SBA therefore concluded that Quvaq did not qualify for any grant under the RRF program and demanded that Quvaq return the full amount that had been awarded (*i.e. $643,334).

14. The Demand Letter also sets out escalating interest rates and penalties that could be assessed if the $643,334 was not returned.

15. Quvaq responded to the Demand Letter with a letter dated April 30, 2026, a true and correct copy of which is attached as Exhibit E. As set out in that

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

COMPLAINT
*Quvaq LLC v. U.S.A. et al.,* Case No. _____

letter, Quvaq sought clarification from the SBA as to why the Bristol Inn was being classified as a "hotel/motel" (an term which is not defined by statute, regulation or official guidance) rather than an "Inn" (which in addition to its common meaning is defined in the RRF Program Guide provided by the SBA as a business that documents on-site sales of food and beverage to the public comprising at least 33% of gross receipts). A true and correct copy of the RRF Program Guide is attached as Exhibit F.

16. In addition to seeking information about the SBA's position, Quvaq's April 30, 2026 letter also requested that the SBA reconsider its position that Quvaq was not an eligible entity under the RRF program.

17. The SBA responded with an email dated May 6, 2026 citing to the following portion of the RRF Program Guide:

> Eligible entities include any of the above entities located in an airport terminal or that operate independently (i.e. has its own tax identification number) inside another business (e.g. a restaurant that operates independently inside a hotel or conference center) or that are a Tribally-owned concern.

A true and correct copy of the SBA's email is attached as Exhibit G.

18. By letter dated May 13, 2026 (a true and correct copy of which is attached as Exhibit H), Quvaq again asked for the basis for the SBA's conclusion that the Bristol Inn was an ineligible "hotel/motel" rather than an eligible Inn. It further argued that the RRF Program Guide made it clear that an Inn could be an eligible entity in its own right if at least 33% of its gross receipts came from the Inn's sale of food and beverages, with no requirement that the portion of the Inn's

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

COMPLAINT
*Quvaq LLC v. U.S.A. et al.,* Case No. _____ Page 5 of 9
Case 3:26-cv-00232-SLG    Document 1    Filed 06/09/26    Page 5 of 9

business that provided the food and beverages be separately and independently operated from the rest of the Inn's business.

19. The May 13, 2026 letter also noted that the RRF Program Guide stated that eligible entitled include "any of the above entities . . . that are a Tribally owned concern," defined as any concern that is "at least 51 percent owned by . . . any ANC." As Quvaq was indirectly wholly owned by Choggiung (an ANC), that ownership provided an additional reason for Quvaq's eligibility.

20. The SBA responded with an email also dated May 13, repeating that Quvaq was not an eligible entity because "Hotels and Motels" are not eligible for RRF grants, that only "eligible businesses" could use the 33% rule, and that "SBA policy is that the restaurant must have it [sic] own separate EIN." A true and correct copy of this email exchange is attached as Exhibit I.

21. A request by Quvaq proposing that the parties discuss the matter was rejected on May 20 with a statement that the SBA's decision was final. A true and correct copy of this email exchange, including a May 22, 2026 letter (and a May 26, 2026 reiteration that the "SBA will not be changing its decision") is attached as Exhibit J.

## COUNT I – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (5 U.S.C. § 706)

22. Quvaq re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

COMPLAINT
*Quvaq LLC v. U.S.A. et al.,* Case No. _____
Page 6 of 9
Case 3:26-cv-00232-SLG    Document 1    Filed 06/09/26    Page 6 of 9

23. Defendant SBA accepted Quvaq's application, granted the funds in question, accepted Quvaq's post-award report, and has not disputed its statements that more than 33% of the revenue received at the Bristol Inn was derived from the sales of food and beverages. Despite this, Defendant SBA now asserts, without explanation, that the Bristol Inn is not in fact an "Inn" for purposes of the RRF program, but is instead a "hotel/motel," while refusing to provide any definition of the difference between these two terms (other than the fact that an "Inn" is an eligible entity, while a "hotel/motel" is not).

24. The SBA's determination that Quvaq was ineligible for the grant and its demand for return of grant funds have been described by the SBA as a final decision and constitute final agency action.

25. For the reasons set forth above and in the correspondence between the parties, Quvaq was an eligible entity (*i.e.* an "Inn") that met all of the known requirements set out in the SBA's Application, RRF Program Guide, and other program materials.

26. The SBA's determination of ineligibility and its novel claim that a facility that provides both lodging and food/beverage services, with at least 33% of its revenue from the food/beverage services (*i.e* an Inn) must instead consist of two independent businesses with their own EINs is contrary to the plain language of the program guidance, and is not supported by any statute or regulation.

COMPLAINT
*Quvaq LLC v. U.S.A. et al.,* Case No. _____ Page 7 of 9
Case 3:26-cv-00232-SLG    Document 1    Filed 06/09/26    Page 7 of 9

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

27. The SBA's determination that Quvaq was ineligible for the RRF grant was arbitrary, capricious, an abuse of discretion, and not in accordance with applicable law.

28. The SBA failed to properly apply the eligibility regulations to Quvaq's circumstances or explain its rationale for determining that the Bristol Inn was not an eligible "Inn" under the RRF program, and its demand for return of all grant funds is based on its erroneous determination of ineligibility.

29. Quvaq has exhausted its available remedies with the SBA, and the SBA's action in demanding the return of all grant funds is final agency action for which there is no other adequate remedy.

30. Pursuant to 5 U.S.C. §706, the SBA's agency action should be held unlawful and set aside.

### COUNT II – DECLARATORY RELIEF

31. Quvaq re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

32. The SBA has sent a Demand Letter demanding the return of all of the grant funds Quvaq received, with significant and escalating consequences if the demand is not met.

33. There exists an actual controversy between the parties regarding Quvaq's eligibility for the RRF grant it was awarded.

34. The controversy is of sufficient immediacy to warrant declaratory relief, and a judicial declaration will resolve the dispute over Quvaq's eligibility.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

COMPLAINT
*Quvaq LLC v. U.S.A. et al.,* Case No. _____ Page 8 of 9
Case 3:26-cv-00232-SLG   Document 1   Filed 06/09/26   Page 8 of 9

35. For the reasons set forth above, Quvaq requests a declaratory judgment confirming Quvaq's status as an "eligible entity" under the RRF program and determining that the demand for return of grant funds received by Quvaq was invalid and unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Quvaq respectfully requests that this Court:

1) Enter an order pursuant to 5 U.S.C. §706 setting aside Defendant SBA's determination that Quvaq was ineligible for the RRF grant as arbitrary, capricious, an abuse of discretion, and not in accordance with law;

2) Enter a declaratory judgment against Defendants the SBA and Loeffler in her official capacity pursuant to 28 U.S.C, §2201 that Quvaq was eligible for the grant under applicable law and program guidance, and that the demand for a return of those funds was invalid and unlawful;

3) For such other and further relief as the Court deems just and proper.

DATED this 9th day of June, 2026.

LANDYE BENNETT BLUMSTEIN LLP

By: _Jennifer M Coughlin_
Jennifer M. Coughlin, Alaska Bar No. 9306015
Attorneys for Plaintiff Quvaq, LLC

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433